IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID STITELY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-24-1512 |
| YESCARE AT MCTC, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID STITELY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-24-1773 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES AT MCTC, | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM AND ORDER

The above-captioned civil rights complaints filed by plaintiff David Stitely are virtually identical in content and in the claims raised. In Civil Action JKB-24-1512, Stitely alleges he received inadequate medical treatment for an infection in his sinuses and forehead which has led to several complications including an emergent trip to the hospital. (JKB-24-1512, ECF No. 1 at 3–5.) Here, he names healthcare provider YesCare as the sole defendant. (*Id.* at 1.) Stitely also filed a supplement to this complaint. (JKB-24-1512, ECF No. 4.) The supplement does not provide much factual enhancement to the claims in his original complaint but does include 239 pages of medical records as an exhibit. (JKB-14-1512, ECF No. 4-1.)

In Civil Action JKB-24-1773, Stitely again alleges he received inadequate treatment for "sinusitis" leading to serious medical complications. (JKB-24-1773, ECF No. 1 at 3–4.) In this case, he names only the Department of Public Safety and Correctional Services ("DPSCS") as a defendant. (*Id.* at 1.)

Because these two cases raise substantially similar claims, they shall be consolidated for all purposes. The complaint in case JKB-24-1773 shall be docketed as a supplement to the complaint in case JKB-24-1512 which shall serve as the primary case number going forward. However, for the reasons discussed below, Stitely's complaint and supplements are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). Here, both the complaint and supplement are deficient because Stitely has failed to state a claim and does not explain how each of the named defendants was responsible for the conduct alleged.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*,

2

737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Further, in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. *Id.* at 690–91. Of import here, *Monell* liability has been extended to private entities operating under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 49 (1988); *Polk County v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). In *Connick v. Thompson*, 563 U.S. 51, 60 (2011), the Supreme Court explained (emphasis in *Connick*):

> A municipality or other local government may be liable under [§ 1983] if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978). But, under § 1983, local governments are responsible only for "their *own* illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S. at 665-683). They are not vicariously liable under § 1983 for their employees' actions. *See id.* at 691; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989); *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases).

Thus, a viable § 1983 *Monell* claim consists of two components: (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a

3

violation of the plaintiff's constitutional rights. *See, e.g., Bd. of Comm'rs of Bryan Cty., v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), *cert. denied*, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). However, a municipality cannot be held liable in a § 1983 action under a theory of respondeat superior. *Monell*, 436 U.S. at 693-94. In other words, a municipality is liable when a "policy or custom" is "fairly attributable to the municipality as its 'own,' and is . . . the 'moving force' behind the particular constitutional violation." *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) (internal citations omitted); *see Davison v. Randall*, 912 F.3d 666, 689 (4th Cir. 2019). In his current complaint and supplements, Stitely has not alleged any facts from which the Court could infer *Monell* liability against YesCare or DPSCS, thus these claims are subject to dismissal.

Further, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Gamble*, 429 U.S. at 106; *see also Anderson, v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994);

*see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Here, although Stitely thoroughly describes his resulting injuries from the alleged lack of medical treatment, he provides no information regarding how the named defendants were engaged in the complained of conduct. Nor does he detail how any of his injuries are attributable to the actions or inactions of the defendants. In sum, Stitely does not provide sufficient facts to support his claims. Having failed to plead facts to support a plausible claim for inadequate medical care, Stitely's complaint cannot proceed.

However, as complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Stitely will be granted 28 days to file an amended complaint addressing the noted deficiencies.

To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

5

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In amending his complaint, Stitely should be mindful to name individuals as defendants and state how each named defendant violated his constitutional rights. He should state what each defendant did or did not do, and how he was harmed by their actions. To the extent he intends to pursue claims against DPSCS or YesCare, he should be mindful of the legal standards articulated herein.

Finally, Stitely is reminded that an amended complaint will replace the original complaint and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer. Additionally, an amended complaint must meet the requirements of this order, or the amended complaint may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Stitely is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Accordingly, it ORDERED that:

1. The Clerk SHALL CONSOLIDATE these cases;

2. The complaint filed in Civil Action JKB-24-1773 SHALL BE DOCKETED in Civil Action JKB-24-1512 as a supplement to the complaint;

3. The Clerk SHALL CLOSE Civil Action No. JKB-24-1773;

4. Stitely IS REMINDED that all future pleadings related to this claim must note Civil Action No. JKB-24-1512 as the case number;

5. Stitely IS GRANTED leave to file an amended complaint as directed above within 28 days of the date of this order;

6. The Clerk SHALL SEND Stitely a copy of this Order, the original complaints, the supplement, and a blank civil rights complaint form with included instructions; and

7. Stitely is FOREWARNED that:

    a. The amended complaint must meet the directions of this order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

Dated this 25 day of June, 2024.

FOR THE COURT:

James K. Bredar
United States District Judge