IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID STITELY,

   Plaintiff,

v.

YESCARE, et al.,

   Defendants.

Civil Action No.: JKB-24-1512

## MEMORANDUM AND ORDER

Plaintiff David Stitely filed the above-captioned complaint on May 23, 2024. It was subsequently consolidated with his complaints filed in Case Numbers JKB-24-1773 and JKB-24-1872. (*See* ECF Nos. 5, 9.) Those complaints have been docketed in this case as supplements to the Complaint and the associated cases have been closed. (ECF Nos. 6, 10.) Additionally, on July 25, 2024, Plaintiff filed an Amended Complaint. (ECF No. 8.) Across these pleadings, Plaintiff names several Defendants: YesCare, Johns Hopkins Hospital, Johns Hopkins Otolaryngology, the Department of Public Safety and Correctional Services ("DPSCS"), Dr. Abdulrahman Alenezi, Dr. Joel Buzy, and Warden William S. Bohrer. He alleges, pursuant to 42 U.S.C. § 1983, that he has been provided inadequate medical care for his sinusitis while incarcerated at Maryland Correctional Training Center. Plaintiff will be granted 28 days to file a second amended complaint, which will replace all other pleadings, and which must address the pleading deficiencies discussed below.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to conduct an initial screening of the pleadings and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). Here, Plaintiff's pleadings are deficient because Plaintiff has not alleged facts sufficient to establish his Eighth Amendment claims.

For Plaintiff to state an Eighth Amendment claim for inadequate medical care, he must demonstrate that the action or inaction of the defendants amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such deliberate indifference requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As for the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[I]t is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citations omitted).

Further, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Additionally, § 1983 generally does not impose liability on supervisors for the wrongdoing of their employees. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Rather, a supervisor may be liable for the violations of their subordinates if the supervisor knew the subordinates engaged in conduct that posed an unreasonable risk of constitutional injury

and failed to respond in such a manner that gives to an inference of deliberate indifference or tacit authorization of their subordinates' bad acts. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff, therefore, cannot solely rely on general allegations that unnamed DPSCS staff and YesCare medical personnel failed to provide him necessary medical treatment over the course of several months. Rather, he must set forth facts which establish how each individual defendant was personally acted with deliberate indifference to him medical needs. If Plaintiff seeks to hold a defendant liable in their supervisory capacity, he must establish that they were aware of their employees' behavior, that it posed him a significant risk to his constitutional rights, and that they were then deliberately indifferent to that misconduct.

Additionally, local governments and private entities, such as YesCare, may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the entity that violates the plaintiff's rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978); *West v. Atkins*, 487 U.S. 42, 49 (1988); *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003). In order to establish a *Monell* claim, a plaintiff must demonstrate that: (1) the municipality or private entity had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *See, e.g., Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, N. Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). To the extent Plaintiff sought to raise a *Monell* claim, he has not plead any facts which establish that YesCare's misconduct occurred pursuant to an unconstitutional policy or custom.

Because Plaintiff proceeds pro se, he will be afforded an opportunity to file a second amended complaint to provide additional facts supporting his claims and to name appropriate

3

defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). In drafting his second amended complaint, Plaintiff must address the deficiencies in his constitutional claims by identifying as defendants the individuals he claims were deliberately indifferent to his sinusitis and pleading specific facts which show how they personally denied him adequate medical care. Generally, Plaintiff should, to the best of his ability, provide the dates and locations of the relevant events; identify the individuals involved as defendants; describe the actions or omissions made by each defendant which contributed to the constitutional violation; describe what, if any, harm he suffered as a result of defendants' misconduct; and list the precise relief requested.

Any proposed amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Plaintiff is reminded that a second amended complaint will replace the current Amended Complaint and Supplements. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Plaintiff must include all allegations against each

of the Defendants he names so that the second amended complaint stands alone as the sole complaint in this case. Last, Plaintiff is warned that failure to file a second amended complaint consistent with this order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). If Plaintiff, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

    Accordingly, it is ORDERED that:

1. Plaintiff IS GRANTED 28 days from the date of this Order to file a second amended complaint as directed above;

2. The Clerk SHALL SEND Plaintiff a copy of this Order, copies of the amended complaint and supplements (ECF Nos. 6, 8, and 10), and a blank civil rights complaint form with included instructions; and

3. Plaintiff IS FOREWARNED that:

    a. The second amended complaint must meet the directions of this Order, or the second amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the second amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

Dated this __6__ day of __April__, 2025.

                                          FOR THE COURT:

                                          */s/ James K. Bredar*
                                          James K. Bredar
                                          United States District Judge